IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAYMAR INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLOUD NINE, LLC, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER IN PART and TAKING MOTION TO COMPEL UNDER ADVISEMENT** <br><br> Case No. 1:06 CV 62 TC <br> District Judge Tena Campbell <br> Magistrate Judge David Nuffer |

**Nature of this Case**

This action was commenced in May 2006 by a complaint which alleged that Defendants were in possession of manufacturing-molds belonging to Plaintiff and that Defendants "refused to provide the Molds" to Plaintiff, making Plaintiff "unable to fulfill certain orders for its customers."[1] The complaint alleged breach of contract and conversion by Defendants' failure to return the molds, and sought damages and equitable relief, including replevin and injunction.

In November 2006, an amended complaint was filed adding new allegations that Defendants "[continue] to manufacture, market and sell mattresses using [Plaintiff's] Molds and Other Materials as well as [Plaintiff's] trade secrets, ideas, know-how, intellectual property and confidential information in violation of the parties' agreement."[2]

---

[1] Complaint at 12, docket no. 1, filed May 15, 2006.

[2] First Amended Complaint at 23, docket no. 83, filed under seal November 29. 2006.

## Issue on this Motion

The parties have been unable to agree whether confidentiality restrictions in addition to the existing protective order[3] should be imposed. That protective order was entered in July 2006, before the complaint was amended. Defendants claim the new allegations change the nature of the action and that new protections are needed.

Defendants claim additional protection is needed for three subject matter areas:

- information regarding defendants' manufacturing know-how and techniques;
- information regarding defendants' business dealings with companies other than Gaymar; and
- information regarding defendants' financial condition.[4]

Defendants seek to restrict this information to "attorneys' eyes only," denying access for house counsel and employees and officers of Plaintiff. The issue of "attorneys' eyes only" access was expressly reserved in the existing protective order. Defendants also seek to deny Plaintiff's *local counsel* access to this highly sensitive information.[5]

## Barring Local Counsel from Access

This last suggestion – to bar local counsel from access to sensitive information – is the most unusual. Defendants say local counsel should not have access to these three categories of competitive information because Plaintiff's local counsel is also local counsel in a related case.

---

[3] Confidentiality Stipulation and Order, docket no. 70, filed July 26, 2006.

[4] Memorandum in Support of Motion for Protective Order (Defendant's Initial Memorandum) at 9, docket no. 94, filed January 5, 2007.

[5] *Id.* at 8.

That case similarly alleges Defendants' manufacture of other products infringes on intellectual property rights of another plaintiff.[6]

Defendants point out that Plaintiff's local counsel recently proposed using evidence from the related case in this case. "[I]n a letter dated October 12, 2006, Casey McGarvey, of Berman & Savage, indicated that he was going to disclose information designated as confidential in the [related] case to lead counsel for [Plaintiff]."[7] In fact, there is an order permitting use in this case of evidence *from the other case*.[8]

The letter and order refer to use of evidence *from the other case* in this case. By contrast, the issue on this motion is Defendants' fear that Plaintiff's local counsel would use evidence *from this case* in the other case.

Plaintiff's local counsel first states that local counsel did not disclose any information from the other case to lead counsel in this case, for use in this case.[9] Plaintiff's local counsel also disclaims any intent to use *information from this case* in the other case and readily admits that the protective order in this case limits "use [of] the confidential information in the Gaymar case for purposes of the Gaymar case only.[10] The pertinent restriction reads:

---

[6] 1:04-cv-00117-TS-SA, *Edizone v. Cloud Nine, et al*.

[7] Defendant's Initial Memorandum at 8. See letter dated October 12, 2006, attached as Exhibit 8 to Memorandum of Law in Opposition to Defendants' Motion for a Protective Order and in Support of Gaymar Industries, Inc.'s Motion to Compel Discovery and for Attorneys' Fees (Plaintiff's Initial Memorandum), docket no. 99, filed January 17, 2007.

[8] Order, docket no. 47, filed June 27, 2006.

[9] Affidavit of Joseph P. Divincenzo . . . ¶ 29, Exhibit 1 to Plaintiff's Initial Memorandum.

[10] Affidavit of Joseph P. Divincenzo ¶ 26.

> Confidential Information designated as "Confidential" that is disclosed by either party or by a third party to any party during the course of discovery proceedings in this action shall be used by the receiving party, their counsel, any independent expert witnesses, advisors and consulting firms retained by the receiving party for purposes of the above-captioned action only.[11]

The court believes that this provision will be respected by counsel, but Defendants believe this is not enough. Defendants claim there is a risk of *inadvertent* disclosure because local counsel might be unable to separate information in these two cases. However, standard filing practices, particularly those exercised when there is a protective order – and a protective order barring clients from some information – should be sufficient to protect against intermingling of physical and electronic data from the two cases. And the heightened awareness raised by this motion should minimize the risk of inadvertent mental confusion of protected information. The danger of inadvertent disclosure is so small that it does not require the extraordinary (and perhaps unprecedented) step of barring local outside counsel from access to the highly sensitive information.

**Adding Additional Protection**

Plaintiff claims that Defendants should have to live with the stipulated protective order. Usually, the court will not grant a motion to amend a stipulated protective order.[12] However, the protective order in this case specifically reserved this dispute.

> The defendants have proposed that the protective order entered in this case provide for a designation of "Confidential/Attorney Eyes Only" for material deemed in good faith to be more than simply "Confidential." The parties have not been able as of this date to agree upon such a provision but want a protective order to be entered pending resolution of the

---

[11] Confidentiality Stipulation and Order at 3.

[12] *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499 Shepardize (S.D. Iowa 1992).

> issue. By agreeing to this order, neither plaintiff nor the defendants waive any rights, arguments or positions they may have or assert before the Court concerning the issue of whether some documents should be designated "Confidential/Attorney Eyes Only."

Over two weeks before the stipulated order was entered, Defendants made a record as to their perceived need for "attorneys' eyes only" protection.

> With respect to Defendants' First Combined Discovery Requests, enclosed please find a signed Confidentiality and Stipulation Order consistent with the changes previously agreed and signed by [Plaintiff]. Please note however that this agreement contains the additional "Attorney's Eyes Only" provision which [Defendant] still maintains is necessary given [the] broad discovery requests. While there appears to be adequate protection for several items to be produced by both parties . . . other demands such as Defendants' entire QuickBooks files and third-party sales will not be disclosed without further safeguard. Unlike arguments for the on-site inspection and mold designs, such information requires no outside expertise and any designation for attorney's eyes only is entirely merited.[13]

It is significant that this concern covered financial data -- one of the specific subject areas raised in this motion. This case is not one in which stipulation to a protective order should prejudice a later request for additional protection.

Plaintiff makes much of the last sentence of the quoted paragraph of the letter stating that no "attorneys' eyes only" protection is needed for "on-site inspection and mold designs." "[D]espite the fact that defendants had previously disclosed molds and mold designs without an 'attorneys' eyes only' provision, they now claim that the Order entered in this case does not go far enough to protect the defendants' interests surrounding such alleged intellectual property."[14] However, the letter's statement about the molds and on site inspections not needing protection

---

[13] Letter, July 10, 2006, attached as Exhibit G to Affidavit of Joseph P. Divincenzo.

[14] Affidavit of Joseph P. Divincenzo ¶ 19.

was made when this case was only a dispute about possession of physical property.[15]

Defendants' counsel pointed out the significance of the changed nature of the case in a letter late in 2006:

> Now that you have amended your complaint to claim that Gaymar holds intellectual property interests and trade secrets in the molds at issue in this case, we feel that the Confidentiality Stipulation and Order entered in the case does not go far enough to protect the defendants' business and intellectual property interests. We therefore propose a modification to the Confidentiality Stipulation and Order entered in the case that the parties may designate certain documents and information as "attorneys' eyes only," with the limitation that such designated documents not be viewed by your clients . . . . With such a modification, we would be willing to withdraw our objection to producing those proprietary and confidential documents.[16]

Additional protection is now justified by the changed nature of the allegations. Trade secret evidence necessarily involves the most intimate details of a competitor's business.[17] Technical, customer and financial data must be protected from unnecessary disclosure. "Courts could not function effectively in cases involving sensitive information [such as] trade secrets . . . if they lacked the power to limit the use parties could make of sensitive information obtained from the opposing party . . . ."[18] Plaintiff claims that its principals need access to the technical and financial information because they have expertise in the field – but as is typical in cases

---

[15] Plaintiff's argument that this evidence was produced "five months before the Amended Complaint was filed" ignores the critical *sequence*. Reply Memorandum of Law in Opposition to Defendants' Motion for a Protective Order and in Support of Gaymar Industries, Inc.'s Motion to Compel Discovery and for Attorneys' Fees at 2, docket no. 105, filed February 5, 2007. Proximity in time is not the issue; the position of evidence in light of issues pleaded is determinative.

[16] Letter, December 26, 2006, attached as Exhibit D to Affidavit of Joseph P. Divincenzo.

[17] A case relied on by Plaintiff in resisting this protection did not involve competitors as is the case here. *Gohler v. Wood*, 162 F.R.D. 691 Shepardize (D. Utah).

[18] *Bittaker v. Woodford*, 331 F.3d 715, 726 Shepardize (9th Cir. 2003).

between competitors and alleged infringers, retained experts who are obligated to maintain confidences will have to provide this assistance.

## ORDER

IT IS HEREBY ORDERED that the motion for protective order[19] is GRANTED IN PART, in that the Confidentiality Stipulation and Order is hereby amended as follows:

Paragraph 1 of the Confidentiality Stipulation and Order is STRICKEN.

Subparagraphs a. through d. of Paragraph 2 and Paragraph 6 of the Confidentiality Stipulation and Order are amended in each instance where the word "Confidential" appears to substitute the words "'Confidential' or 'Confidential – Attorneys' Eyes Only.'"

A new Paragraph 3A is added to the Confidentiality Stipulation and Order to read:

> 3A.   Confidential Information designated as "Confidential – Attorneys' Eyes Only" that is disclosed by either party or by a third party to any party during the course of discovery proceedings in this action:
> - a. Shall be used for purposes of the above-captioned action only.
> - b. Shall not be used for any business, commercial, or competitive purposes.
> - c. Shall be delivered and held by outside counsel for the receiving party and shall not be delivered, made available or otherwise disclosed to any other person except such other persons as may be authorized by written agreement of the parties or by the Court, and the following:
>   - (1) Secretarial, clerical and paralegal personnel employed full time by outside counsel;
>   - (2) Court reporters or stenographers engaged to record deposition testimony; and
>   - (3) Independent expert witnesses, advisors and consultants.

Paragraph 4 of the Confidentiality Stipulation and Order is amended to read:

---

[19] Docket no. 93, filed January 5, 2007.

    4. Prior to receiving any of the Confidential Information, a copy of this Confidentiality Stipulation and Order shall be delivered to each person within category 3 of paragraph 3(c) above and each person within categories 1 through 3 of paragraph 3A(c) above to whom a disclosure of Confidential Information will be made.  The person shall acknowledge his/her understanding of this Confidentiality Stipulation and Order and his/her agreement to be bound by its terms by signing a copy of the Acknowledgment attached as Exhibit A, and in the case of persons within categories 1 through 3 of paragraph 3A(c) above a copy of the executed Acknowledgment shall be delivered to the producing party ten (10) business days prior to delivery of any "Confidential – Attorneys' Eyes Only" information to that person.  The provisions of this Confidentiality Stipulation and Order shall be binding upon each such person to whom disclosure is made.

The Confidentiality Stipulation and Order may be amended by further order of the court or stipulation of the parties.

  IT IS FURTHER ORDERED that the motion for protective order is DENIED IN PART in that no restriction will be imposed to bar Plaintiff's current local counsel from access to information designated "Attorneys' Eyes Only."

  IT IS FURTHER ORDERED that

   a. The motion to compel[20] is taken under advisement;

   b. Defendants shall respond to the previously disputed discovery on or before March 9, 2007;

   c. Within ten calendar days of the response, Plaintiffs shall notify Defendants of any claimed deficiencies in the discovery response;

   d. Within seven calendar days of notice of any claimed deficiencies by Plaintiffs, counsel shall meet and confer in person;

   e. Not less than seven calendar days after that meeting, Plaintiff may *file* a supplemental report detailing any remaining claimed deficiencies in Defendants' responses; and

---

[20] Docket no. 102, filed January 26, 2007.

f.   Within five calendar days of the filing of Plaintiff's supplemental report, Defendants may *file* a response to the report.

IT IS FURTHER ORDERED that all documents required by the preceding subparagraphs c, e, and f shall be emailed to opposing counsel (in addition to any other means of delivery) and the documents required to be filed by subparagraphs e and f shall also be sent via e-mail to mj.nuffer@utd.uscourts.gov. In the e-mails sent to the court, the subject line shall contain the case name and number, and the body of the e-mail shall reference the motion to compel and this order by docket number.

Dated this 20th day of February, 2007.

BY THE COURT

_____
Magistrate Judge David Nuffer